VILLAGE OF OSSINING POLICE ASSOCIATION, Appellant, v. VILLAGE OF OSSINING, Respondent.— In a special proceeding under article 75 of the CPLR to confirm an arbitrator's award dated February 7, 1972, the appeal is from a judgment of the Supreme Court, Westchester County, entered December 4, 1972, which granted respondent's cross application to vacate the award and dismissed the petition to confirm the award. Judgment reversed, on the law, without costs; arbitration award confirmed; and cross application denied. The arbitrator was correct in holding that a State Comptroller's opinion (12 Opns. St. Comp., 1956, p. 292) relating to the method whereby a village reimburses patrolmen for uniform payments has no relevance to the issue of whether a contractual obligation to reimburse detectives for civilian clothes used on the job is lawful. The clothing allowance for detectives, also contained in prior contracts, was definitely a term and condition of employment which the parties had arrived at through collective negotiation. Absent explicit statutory authority to the contrary, the contractual provision is lawful (*Board of Educ., Union Free School Dist. No. 3, Town of Huntington v. Associated Teachers of Huntington*, 30 N Y 2d 122; *Syracuse Teachers Assn. v. Board of Educ., Syracuse City School Dist.*, 42 A D 2d 73). Furthermore, respondent has alleged none of the grounds set forth in CPLR 7511 for vacating the arbitrator's award. Hopkins, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.

 VILLAGE OF OSSINING POLICE ASSOCIATION, Appellant, v. VILLAGE OF OSSINING, Respondent.— In a special proceeding under article 75 of the CPLR to confirm an arbitrator's award dated February 17, 1972, the appeal is from a judgment of the Supreme Court, Westchester County, entered December 4, 1972, which granted respondent's cross application to vacate the award and dismissed the petition to confirm the award. Judgment reversed, on the law, without costs; arbitration award confirmed; and cross application denied. Despite a comptroller's opinion questioning the authority of a village to pay a shoe allowance to a policeman, the contractual agreement providing for such payment is lawful, since there is no statute prohibiting such payment. In the absence of an express legislative restriction, the public employer has the power to negotiate all terms and conditions of employment pursuant to the broad provisions of the Taylor Law (*Board of Educ., Union Free School Dist. No. 3, Town of Huntington v. Associated Teachers of Huntington*, 30 N Y 2d 122). Hopkins, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.